UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.    04-30181-MPN

|  |  |  |
|---|---|---|
| DAVID KOSKE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| TEXON USA, INC., | ) | |
| Defendant. | ) | |

## INTRODUCTORY STATEMENT

1.  This is an unlawful discrimination action for damages and other relief arising out of the employment of David Koske ("Plaintiff") by Texon USA, Inc ("Defendant").

## JURISDICTION

2.  Jurisdiction of this Court is invoked pursuant to the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. §12101 et seq.

## PARTIES

3.  Plaintiff, David Koske, is an individual residing at 314 Main Road, Westhampton, Hampshire County, Massachusetts.

4.  Defendant, Texon USA, Inc., is a foreign corporation licensed to do business in the Commonwealth of Massachusetts, with a principal business at 400 Research Drive, Wilmington, Middlesex County, Massachusetts.

## FACTUAL ALLEGATIONS

5.  In 1998, Plaintiff was hired as a Rosenthal Operator by the Defendant.

6.  On or about February 4, 2000, Plaintiff injured his back in the course of his employment with the Defendant.

7.  Plaintiff received workers' compensation benefits and underwent back surgery on June 13, 2000; and as a result of the work injury, Plaintiff was left with a permanent partial

impairment of his low back preventing him from returning to his previous position of employment with the Defendant.

8.    On or about February 6, 2001, the Plaintiff accepted a light duty position as a custodian for the Defendant.

9.    Plaintiff worked the light duty job until April 25, 2002, when the Defendant notified the Plaintiff the position was being eliminated as of April 29, 2002, and he would be offered continued employment as a custodian with the Defendant only through an agency, which handles temporary work assignments.

10.   Plaintiff was offered no other work with the Defendant, and his employment with the Defendant terminated on or about April 29, 2002; and as a result, the Plaintiff was no longer afforded the benefits of employment with the Defendant, including but not limited to health insurance benefits.

11.   In October 2002, Plaintiff filed an administrative complaint with the Massachusetts Commission Against Discrimination (MCAD) and the Equal Employment Opportunity Commission (EEOC).

## COUNT I

12.   Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above.

13.   Plaintiff has timely satisfied all the prerequisites to suit under the ADA.

14.   Defendant refused to continue to accommodate the Plaintiff's disability and terminated him in violation of the ADA, 42 U.S.C.A. §12112.

15.   As a result thereof, Plaintiff suffered loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

WHEREFORE, Plaintiff demands judgment against the Defendant, plus monetary damages, punitive damages, attorney fees and costs, interest and such other relief to which they are entitled and as the Court deems just and proper.

## COUNT II

16.   Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above.

17.   Defendant refused to continue to accommodate the Plaintiff's disability and terminated him in violation of Massachusetts General Laws Chapter 151B, Section 4(16).

18.  As a result thereof, Plaintiff suffered loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

WHEREFORE, Plaintiff demands judgment against the Defendant, plus monetary damages, attorney fees and costs, interest and such other relief to which they are entitled and as the Court deems just and proper.

## COUNT III

19.  Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above.

20.  By denying Plaintiff employment in the company, the Defendant is discriminating against him in violation of Chapter 152, Section 75(A), which provides in part, "Any person who has lost a job as a result of an injury compensable under this chapter shall be given preference in hiring by the employer for whom he worked at the time of compensable injury over any persons not at the time of application for re-employment employed by such employer..."

21.  As a result thereof, Plaintiff suffered loss of income and loss of benefits.

WHEREFORE, Plaintiff demands judgment against the Defendant, plus monetary damages, reinstatement to a suitable position of employment, attorney fees and costs, interest and such other relief to which they are entitled and as the Court deems just and proper.

## COUNT IV

22.  Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above.

23.  By denying Plaintiff employment in the company, the defendant is discriminating against him in violation of Chapter 152, Section 75(B), which provides in part, "No employer or duly authorized agent of any employer shall discharge, refuse to hire or in any other matter discriminate against an employee because the employee has exercised a right afforded by this chapter..."

24.  As a result thereof, Plaintiff suffered loss of income and loss of benefits.

WHEREFORE, Plaintiff demands judgment against the Defendant, plus monetary damages, reinstatement to a suitable position of employment, attorney fees and costs, interest and such other relief to which they are entitled and as the Court deems just and proper.

*__Jury Demand__: The plaintiff hereby demands trial by jury on all issues so triable.*

THE PLAINTIFF,
BY HIS ATTORNEYS

Dated: 9|14|04

_____

Katherine Lamondia-Wrinkle/BBO#550554
Thomas M. Libbos/BBO #299080
LAW OFFICES OF THOMAS M. LIBBOS, P.C.
175 State Street, 5th Floor
Springfield, MA 01103
(413) 731-5000 telephone
(413) 731-1985 facsimile