UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30181-KPN

DAVID KOSKE,
    Plaintiff,

v.

TEXON USA, INC.,
    Defendant.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ENTRY OF JUDGMENT AND ASSESSMENT OF DAMAGES

### I. *Procedural History*

In October 2002, the plaintiff filed an administrative complaint with the Massachusetts Commission Against Discrimination (MCAD) and the Equal Employment Opportunity Commission (EEOC). The plaintiff filed this lawsuit on September 14, 2004, for damages sustained from the unlawful discrimination practiced by his employer, Texon USA, Inc, (hereinafter "the defendant"). Plaintiff alleges:

1) Defendant refused to continue to accommodate his disability and terminated him in violation of the ADA, 42 U.S.C.A. §12112;

2) Defendant refused to continue to accommodate his disability and terminated him in violation of Massachusetts General Laws Chapter 151B, Section 4(16);

3) Defendant is discriminating against him in violation of Chapter 152, Section 75(A), which provides in part, "Any person who has lost a job as a result of an injury compensable under this chapter shall be given preference in hiring

        by the employer for whom he worked at the time of compensable injury over any persons not at the time of application for re-employment employed by such employer..."

4)      Defendant is discriminating against him by denying him employment in the company in violation of Chapter 152, Section 75(B), which provides in part, "No employer or duly authorized agent of any employer shall discharge, refuse to hire or in any other matter discriminate against an employee because the employee has exercised a right afforded by this chapter..."

Service was effectuated on October 20, 2004, on the Registered Agent for the defendant: *CT Corporation System*, 101 Federal Street, Boston, Massachusetts. The Court entered default on January 28, 2005.

## II.    Factual History

On or about February 4, 2000, the plaintiff, David Koske injured his back in the course of his employment with the defendant. He was employed at the time as a Rosenthal Operator and earned $559.05 per week. He had been employed with the defendant since 1998. He received workers' compensation benefits and underwent surgery on June 13, 2000. As a result of the work injury, Mr. Koske was left with a permanent partial impairment of his low back preventing him from returning to his previous position of employment with the defendant. Instead, he accepted a light duty position as a custodian for the defendant on or about February 6, 2001. In that position, he worked about 20 hours per week and earned on average $250.00 per week with a percentage of the differential from his previous salary as a machine operator being paid by the workers' compensation insurer.

The plaintiff continued to work in the light duty position as a custodian until April 25, 2002, when the defendant notified him the position was being eliminated as of April 29, 2002, and he would only be offered continued employment as a custodian with the Defendant only through an agency, which handles temporary work assignments. Mr. Koske was offered no other work with the defendant. His employment was terminated on or about April 29, 2002. The plaintiff's weekly workers' compensation benefits were resumed at that time, and continued through March 26, 2004, when he settled his claim before the Department of Industrial Accidents. The plaintiff found subsequent employment on or about August 31, 2004, with another company on a part-time basis, earning about $240.00 per week.

### III.   Damages

As a result of his termination, Mr. Koske was no longer afforded the benefits of employment with the defendant, including but not limited to health insurance benefits. He suffered loss of income, which only was partially replaced by workers' compensation benefits. He suffered loss of a career and professional opportunity. He also maintains he suffered emotional distress and mental suffering with the loss of his job.

### IV.   Conclusion

Wherefore the above stated reasons, the plaintiff, David Koske, requests the Court enter a default judgment and assess damages against the defendant, Texon USA, Inc.

Dated: 9/8/05

Katherine Lamondia-Wrinkle, Esq.
Attorney for the Plaintiff
Law Offices of Thomas M. Libbos
175 State Street, 5th Floor
Springfield, MA 01103
(413) 731-5000 – Telephone
(413) 731-1985 - Fax

**CERTIFICATE OF SERVICE**

  I hereby certify that on this date a true copy of the foregoing document was served upon all counsel of record in hand.

Dated: 9/8/05

_____
Katherine Lamondia-Wrinkle